OPINION OF THE COURT
Meyer, J.
A complaint which alleges that women are being discriminated against through the use of a facially neutral seniority system as the basis for provisional promotions and by giving seniority weight disproportionate to performance in determining permanent promotional appointments states a valid cause of action for violation of the Human Rights Law (Executive Law, art 15) but since it alleges no present intent to discriminate does not sufficiently allege a cause of action under the equal protection clause of the New York State Constitution (art I, § 11). Moreover, on this motion to dismiss the complaint the statutory cause of action cannot be found time barred even though the women’s lack of seniority results from their exclusion from employment at a time in the past beyond the limitation period. The order of the Appellate Division dismissing the complaint should, therefore, be modified to reinstate the first cause of action of the complaint and, as so modified, affirmed, with costs, without prejudice, however, to an application pursuant to CPLR 3211 (subd [e]) by the People to Supreme Court for leave to amend the second cause of action.
I
The action is by the Attorney-General on behalf of women bus drivers employed by the New York City Transit Authority (TA). The complaint alleges that the position of surface line dispatcher (dispatcher) is an entry level management position, that to qualify to take the dispatcher examination an applicant need only have one year’s experience as a bus operator (driver), that in June, 1981 the TA announced that provisional appointments as dispatcher would be based on seniority as a bus operator *347 and that all of the 30 provisional appointments made in August, 1981 went to men, the least senior of whom had 18 years as a driver. It alleges further that because the TA excluded women from taking the driver examination until 1971 and appointed no woman driver until 1978, no woman driver had more than three years’ experience, that until 1976 the TA additionally discriminated against women by imposing a 5-foot 4-inch height requirement for drivers which disqualified 54.8% of adult females but only 3.7% of adult males from such employment. Use of seniority as a driver as a criterion for provisional and permanent appointment to the position of dispatcher, it avers, discriminates on the basis of sex against female bus operators in that it disproportionately disqualifies female drivers and perpetuates prior discriminatory practices of the TA, in violation of section 296 (subd 1, par [a]) of the Executive Law and of section 11 of article I of the State Constitution.
On September 30, 1981, Supreme Court, Kings County, granted a preliminary injunction enjoining the TA pending determination of the action from using seniority as a factor, in part or in whole, in making further provisional appointments, finding that on the papers presented the TA had not established that seniority, in the manner used, bore a rational relationship to job performance.
The September 30, 1981 order also directed an immediate trial of the question whether the TA could continue to use seniority as a factor in determining eligibility for permanent appointment and ordered a new examination and the establishment of an eligibility list for the position of dispatcher. In compliance with the order a new examination was held on January 9,1982, but the trial ordered has not taken place because, before joining issue by answering, the TA moved pursuant to CPLR 3211 (subd [a], pars 5, 7) to dismiss the complaint as untimely and for failure to state a cause of action. In their opposition papers the People asked for partial summary judgment pursuant to CPLR 3211 (subd [c]) with respect to the provisional appointment issue. Supreme Court, by order dated December 11, 1981, deemed the People’s application to be a cross motion but denied it because there was a triable issue as to what degree, if any, seniority could be used in making *348 provisional appointments. It also denied the TA’s motion to dismiss. On cross appeals, the Appellate Division, one Justice dissenting, dismissed the appeal from the September 30, 1981 order as moot, modified the December 11, 1981 order by deleting the provision denying the motion to dismiss and substituting a provision granting the motion, and, as so modified, affirmed the latter order. The People appeal from so much of the Appellate Division order as modified the order of December 11, 1981, but not from the dismissal of the appeal from the order of September 30, 1981. Before us, the People argue both that the complaint was improperly dismissed and that they were improperly denied partial summary judgment on the provisional appointment issue. We conclude, though for a reason other than that given by Supreme Court, that partial summary judgment was properly denied,* but that the first cause of action was improperly dismissed.
II
What we determine on a motion to dismiss is whether, accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509). For the reasons that follow, we conclude that there is such a view of the facts as to (a) the cause of action under the Human Rights Law but (b) not as to the cause of action under the equal protection clause of the Constitution and (c) that on the complaint alone the first cause of action cannot be held barred by limitations.
A
• As we made clear in Matter of Sontag v Bronstein (33 NY2d 197, 201), an employment practice neutral on its face and in terms of intent which has a disparate impact upon a protected class of persons violates the Human Rights Law unless the employer can show justification for *349 the practice in terms of employee performance. The complaint alleges that provisional appointments as dispatcher were based upon seniority and resulted in all of the provisional appointments going to males to the exclusion of females qualified except as to seniority for the position. It alleges also that seniority is used by the TA as a criterion for permanent appointment as dispatcher. Although it does not specify the value assigned by the TA to seniority in the permanent employment decision, it does allege that female drivers are disproportionately disqualified by its use. A standard or practice “fair in form but discriminatory in operation” as to employment or promotional opportunity is within the reach of the Human Rights Law (State Div. of Human Rights v Kilian Mfg. Corp., 35 NY2d 201, 209; cf. Connecticut v Teal, 457 US 440, 446-447, 454-456). The complaint states a disparate impact cause of action under the Human Rights Law as to both provisional and permanent appointments, which the TA must meet, if it can, by showing business necessity or justification relating to the work of a dispatcher.
That section 52 of the Civil Service Law provides that “due weight” is to be given seniority and that subdivision (h) of section 703 of the Civil Rights Act of 1964 (US Code, tit 42, § 2000e-2, subd [h]) immunizes “bona fide” seniority systems does not detract from that conclusion. What constitutes “due weight” is inextricably intertwined with the relationship between job performance and the value assigned to seniority as a factor in promotion. To promote solely on the basis of seniority, as the People allege was done with provisional appointments, appears prima facie to give undue weight to seniority, although the TA may be able to justify even that great weight. Whether as to permanent appointments the weight given is more than “due” will have to await evidentiary development of exactly what weight is given to seniority in the making of such appointments as well as the claimed justification for it.
As for the “bona fide” seniority provision of the Civil Rights Act, assuming without deciding that it applies at all to an action under New York statute and Constitution (cf. Civil Rights Act, §§ 708,1104 [US Code, tit 42, §§ 2000e-7, *350 2000h-4]), it does no more than raise an issue of fact — whether the TA seniority system is bona fide — which cannot be decided on the complaint alone. “Bona fides, in the context of the statute requires, at least in part, that the seniority system be applied fairly and impartially to all employees, that it not have its ‘genesis in [unlawful] discrimination’, and that it be maintained free from illegal purposes” (Acha v Beame, 570 F2d 57, 64 [brackets in original]), which is an issue for the trial court (id.).
As the Attorney-General’s brief notes, our conclusion that a valid cause of action has been stated on the theory of disparate impact makes it unnecessary for us to consider whether the seniority standard is also illegal because it continues the effect of the TA’s past discriminatory practices in excluding women entirely until 1971 and in imposing a height requirement.
B
With respect to the equal protection cause of action, purposeful discrimination is a necessary element (Matter of 303 West 42nd St. Corp. v Klein, 46 NY2d 686; see Personnel Administrator of Mass. v Feeney, 442 US 256). The complaint contains no specific allegation of a present intent to discriminate and is, therefore, insufficient in that respect. The order, insofar as it affirmed dismissal of the second cause of action, is affirmed, without prejudice, however, to the right of the People, if so advised, to apply at Special Term for leave to amend (CPLR 3211, subd [e]; see Sanders v Schiffer, 39 NY2d 727).
C
The limitations provisions upon which the TA relies are subdivision 5 of section 297 of the Executive Law, CPLR 214 (subd 2) and CPLR 213 (subd 1). The first deals with a complaint filed with the Division of Human Rights and requires that such a complaint be “filed within one year after the alleged unlawful discriminatory practice.” Although it is a generally accepted principle that the time fixed in a statute which creates a cause of action unknown to the common law is to be treated as a qualification of the newly created right (Romano v Romano, 19 NY2d 444, 448-449), that rule has no application to the present action *351 which is not a complaint filed with the division seeking administrative relief but one for a judicial remedy (Murphy v American Home Prods. Corp., 58 NY2d 293, 306-307).
For several reasons, the Supreme Court’s decision in United Air Lines v Evans (431 US 553), relied upon in the plurality opinion below, does not require a contrary conclusion. Although Evans construed provisions of title VII of the Civil Rights Act of 1964 closely parallel to section 296 (subd 1, par [a]) of the Human Rights Law, the Supreme Court in reaching its decision relied heavily on the bona fide seniority provision (US Code, tit 42, § 2000e-2, subd [h]) of the Civil Rights Act for which there is no Human Rights Law parallel provision and as to which, as already noted, section 52 of the Civil Service Law does not fill the gap. Moreover, the Congress has expressed its intention not to occupy the entire field of discrimination to the exclusion of State laws (US Code, tit 42, §§ 2000e-7, 2000h-4) except as a State law requires or permits the doing of an act inconsistent with the basic objective of title VII to cause employment to be based only on job qualifications (Burns v Rohr Corp., 346 F Supp 994, 997). Thus, Congress has demonstrated its intent “to preserve the effectiveness of state antidiscrimination laws” (Rosenfeld v Southern Pacific Co., 444 F2d 1219, 1226). The Evans decision, therefore, although entitled to respectful consideration in view of the similarity of the underlying provisions, is not binding upon us (Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd., 41 NY2d 84, 86, n 1; Massachusetts Elec. Co. v Massachusetts Comm. Against Discrimination, 375 Mass 160, 167; Anderson v Upper Bucks County Area Vocational Tech. School, 30 Pa Comm Ct 103, 108; cf. American Tobacco Co. v Patterson, 456 US 63, 64).
Nor do the other cited Statutes of Limitations affect the sufficiency of the first cause of action because they are but statutes of repose which must be affirmatively pleaded (CPLR 3018, subd [b]).
For the foregoing reasons, the order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Simons concur.
*352 Order modified, with costs to appellant, by reinstating the first cause of action of the complaint and, as so modified, affirmed, without prejudice to an application by appellant for leave to amend the second cause of action in accordance with the opinion herein.

 The TA was not made aware until receipt of the order of December 11, 1981 that the motion Judge would deem the informal application in the People’s answering papers to be a cross motion and, therefore, replied only on the procedural ground that summary judgment was inappropriate before joinder of issue except on a defendant’s motion. It would, therefore, have been improper to grant the People’s cross motion without “adequate notice” to the TA that the court intended to entertain the partial summary judgment application (CPLR 3211, subd [c]; Rovello v Orofino Realty Co., 40 NY2d 633; cf. Wein v City of New York, 36 NY2d 610, 620-631).