■ WALTER S. BARTLETT, Respondent-Appellant, v CAROL KONNER, Appellant-Respondent. [644 NYS2d 550]

On December 31, 1983, Westbury Raceway Auctions, Inc. (hereinafter Westbury), gave a note to the plaintiff in the principal sum of $198,612.84, which was secured by a mortgage on real property located in East Quogue, New York. The mortgage held by the plaintiff was subordinate to a $1.9 million purchase money mortgage in favor of Citytrust, a Connecticut banking corporation. On January 31, 1989, as an inducement for the plaintiff to subordinate his mortgage to an additional $400,000 mortgage which Westbury agreed to give to Citytrust, the defendant executed a guaranty for the $198,612.84 note held by the plaintiff.

On December 13, 1994, the plaintiff commenced this action against the defendant to collect the mortgage principal balance plus interest pursuant to the terms of the guaranty. Prior to the joinder of issue, the defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court denied the motion. We affirm.

"In considering the sufficiency of a pleading subject to a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), our well-settled task is to determine whether, 'accepting as true the factual averments of the complaint, plaintiff can succeed upon any reasonable view of the facts stated' " *(Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318, quoting *People v New York City Tr. Auth.,* 59 NY2d 343, 348). The plaintiff is entitled to every favorable inference which may be drawn from the pleading and if we determine that the plaintiff is entitled to relief on any reasonable view of the facts alleged, we must declare the complaint legally sufficient *(see, Campaign for Fiscal Equity v State of New York, supra,* at 318).

Here, the plaintiff, in his complaint, alleged that the defendant owes him in excess of $198,612.84 pursuant to the terms of the guaranty. In her motion to dismiss the complaint, the defendant posited that the plaintiff could not enforce the guaranty because certain conditions precedent existed which had not been satisfied by the plaintiff. In opposition, the plaintiff challenged the defendant's interpretation of the guaranty and asserted that he is entitled to enforce its unambiguous terms. It is uncontroverted that the parties executed the guaranty *(cf., Prudential-Bache Metal Co. v Binder,* 121 AD2d 923, 925-926) and, consequently, this controversy is actually over the construction of its terms. Since the interpretation of the guaranty which is manifest in the complaint is reasonable, and the plaintiff would succeed if his interpretation were adopted, the complaint is legally sufficient. Accordingly, the Supreme Court properly denied the defendant's motion to dismiss the complaint. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.