■ FOWLER, RODRIGUEZ, KINGSMILL, FLINT, GRAY & CHALOS, LLP, Appellant, v ISLAND PROPERTIES, LLC, Respondent. [763 NYS2d 481] —In an action, inter alia, for specific performance of a commercial lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 26, 2002, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3).

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3) is denied, and the complaint is reinstated.

The plaintiff, Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos, LLP, is the surviving entity of a merger between The Chalos Law Firm, LLC (hereinafter Chalos) and Fowler, Rodriguez, Kingsmill, Flint & Gray, LLP, which was effective September 1, 2001. Chalos, as the tenant, and the defendant, Island Properties, LLC, as the landlord, entered into two leases which were executed on May 29, 1999, and August 8, 2000, respectively. Chalos took occupancy of the premises under the May 1999 lease, and, after the merger, the plaintiff continued to make rental payments to the defendant landlord. The plaintiff commenced this action to enforce the August 2000 lease, or in the alternative, to recover damages for the defendant's alleged breach of such lease by failing to make certain improvements to prepare the space demised thereunder for occupancy.

The Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (3). Based upon the allegations in the complaint, the plaintiff is a foreign limited liability partnership licensed to do business in the State of New York, and thus does not lack the capacity to appear and bring its grievance before the court (*cf. Pergament Home Ctrs. v Net Realty Holding Trust*, 171 AD2d 736 [1991]).

Although the defendant also moved to dismiss the complaint on the ground that it failed to state a cause of action, the

Supreme Court did not address that branch of the motion. It is well settled that on a motion to dismiss for failure to state a cause of action, the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and according the plaintiff the benefit of every possible inference (*see Campaign for Fiscal Equity v State of New York*, 86 NY2d 307, 318 [1995]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

Our review of the complaint and the affidavit of the plaintiff submitted in opposition to the motion indicates that the plaintiff set forth sufficient facts regarding its causes of action for specific performance, or, in the alternative to recover damages for breach of contract, to withstand a motion to dismiss (*see Leon v Martinez, supra* at 87-88). Accordingly, the complaint must be reinstated. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.