OBDULIO SANDOVAL, Appellant, v RAYMOND P. MARTINEZ, Respondent. [815 NYS2d 679]—

In an action, inter alia, for a judgment declaring State Administrative Procedure Act § 301 (6) unconstitutional, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dunne, J.), dated April 29, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter

is remitted to the Supreme Court, Nassau County, for a judgment declaring that State Administrative Procedure Act § 301 (6) is constitutional.

State Administrative Procedure Act § 301 (6) requires the state, inter alia, to provide a qualified, certified interpreter for "any deaf person" who is a party to or a witness in an "adjudicatory proceeding before an agency." The plaintiff, allegedly a Spanish speaker with little facility with English, requested a Spanish-English interpreter when he appeared with counsel at a Department of Motor Vehicles hearing to determine whether his license should be revoked. The Administrative Law Judge denied the request on the grounds that State Administrative Procedure Act § 301 (6) did not require the state to provide such an interpreter. The plaintiff thereafter commenced the instant action, inter alia, for a declaration that State Administrative Procedure Act § 301 (6) was void on its face and unconstitutional as applied, on the ground, among others, that the statute provided interpreters for deaf persons but not for Spanish-speaking persons.

We reject the plaintiff's equal protection challenge. The distinction in State Administrative Procedure Act § 301 (6) between hearing and deaf persons is reasonably related to the goal of ensuring that deaf persons understand and can fully participate in administrative proceedings (*see Nordlinger v Hahn,* 505 US 1 [1992]). Moreover, the plaintiff has not set forth any evidence showing that State Administrative Procedure Act § 301 (6), a facially-neutral statute, was enacted with discriminatory intent (*see Personnel Administrator of Mass. v Feeney,* 442 US 256 [1979]; *People v New York City Tr. Auth.,* 59 NY2d 343 [1983]).

We decline to address the plaintiff's due process claim in the absence of evidence as to whether he could afford to hire an interpreter or had any ability to understand English.

The plaintiff's remaining contention is without merit. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.