*482 OPINION OF THE COURT
Mary H. Smith, J.
This is an action brought by correction officers of the Westchester County Correction Officers’ Benevolent Association, Inc., correction officer retirees and dependents of all of the foregoing who are participants in the Westchester County Correction Officers’ Benevolent Association, Inc. Welfare Trust Fund.[1] The Westchester County Correction Officers’ Benevolent Association, Inc. (COBA) is the recognized bargaining agent for the correction officers and a separate and distinct not-for-profit corporation. Plaintiffs are challenging the actions of defendants,[2] acting as trustees of the Trust, to the extent they have amended the trust agreement in such manner as to divest the power to appoint and remove trustees, as it formerly had been, from the president and board of directors of COBA, onto themselves. Plaintiffs have pleaded two causes of action, firstly for judgment declaring that the amendment approved by defendants is null and void and thereupon restoring the power to appoint and remove trustees to the president and board of directors of COBA and vacating the appointment of Trustee Jones made pursuant to the amendment, and secondly restraining defendants as trustees of the fund “from taking any actions on behalf of the Trust, above and beyond normal distribution of benefits, pending resolution of this litigation.”[3]
While plaintiffs do not allege that the amendment in issue occurred in violation of the provisions of the trust agreement, and there is no claim that the trustees had acted beyond the scope of their power to amend the trust agreement, plaintiffs do claim that the trustees have breached their fiduciary duties to all COBA members by excluding COBA of the power to appoint and remove trustees, and thereby from controlling the internal affairs of the Welfare Trust Fund. '
*483 Defendants are presently moving, apparently preanswer, for an order dismissing this action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. Defendants submit that the trust agreement sanctions the trustees’ actions which has resulted in their control of the Welfare Fund and that there is. no case law establishing that an amendment like that passed by defendants breaches any fiduciary duty to COBA. Indeed, defendants claim that the only fiduciary duties that have been recognized by the courts are those that are financial in nature, which this is not. Here, defendants observe there is no allegation of financial impropriety, or waste, or corruption to support any breach of fiduciary duty claim; accordingly, defendants maintain that the complaint must be dismissed.
Plaintiffs oppose the motion, arguing that the trust agreement includes specific language prohibiting the amendment of the trust agreement to alter its basic principles and that defendants unilaterally have violated this provision, having usurped authority to appoint and remove trustees, and have thereby having “breached the Trust Agreement, violated their duty of loyalty, and thus their fiduciary obligation, to the Trust’s participants.” In support of its opposition, plaintiffs, while conceding that there is no New York case law on point, have relied exclusively upon federal case law arising under the Employee Retirement Income Security Act (ERISA) which they argue holds that where trustees enact amendments to protect themselves from removal, that act, by itself, violates the fiduciary duty which the trustees owe to the participants because it insulates them from accountability to the union membership, as required by the trust document. Plaintiffs argue that at least one court has held that federal cases interpreting ERISA are appropriate precedent since ERISA laws are “entirely compatible with the general principals of New York trust law.”
It is well settled that on a motion to dismiss for failure to state a cause of action, the court initially must accept the facts alleged in the complaint as true and then determine whether those facts fit within any cognizable legal theory, irrespective of whether the plaintiff will likely prevail on the merits. (See Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; People v New York City Tr. Auth., 59 NY2d 343, 348 [1983]; Morone v Morone, 50 NY2d 481 [1980]; Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Cavanaugh v Doherty, 243 AD2d 92, 98 [3d Dept 1998]; Klondike Gold v Richmond Assoc., 103 AD2d *484 821 [2d Dept 1984].) The complaint must be given a liberal construction and will be deemed to allege whatever cause of action can be implied by fair and reasonable intendment. (See Shields v School of Law of Hofstra Univ., 77 AD2d 867, 868 [2d Dept 1980]; Penato v George, 52 AD2d 939 [2d Dept 1976].) The test is whether the pleading gives notice of the transactions relied upon by the plaintiff and whether sufficient material elements of the cause of action have been asserted.
Article II, § 2.3 defines “Trustees” as the five trustees elected pursuant to the trust agreement.
Article X, § 10.1 provides that “This Declaration of Trust may be amended from time to time by a majority vote of the Trustees. Any such amendment may be made applicable to the Fund as then or thereafter constituted, and such majority of Trustees shall have full power to fix the effective date thereof.” Article X, § 10.3 provides that “[notwithstanding the foregoing, no amendment may be adopted which will (a) alter the basic principles of this Declaration of Trust; (b) be contrary to the laws governing trust funds of this nature; or (c) be in conflict with the Collective Bargaining Agreement.”
Prior to its amendment, article III, § 3.1 had provided that “[t]he operation and administration of the Fund shall be the joint responsibility of five (5) Trustees who shall be appointed by the President of COBA whose selection shall be ratified by a majority of the Executive Board of COBA.”
Section 3.4 had provided that “Successor Trustees shall be appointed by the President of COBA, whose selection shall be ratified by a majority of the Executive Board of COBA.”
Section 3.7 had provided that “[a]ny Trustee may be removed from office with or without cause pursuant to the By-Laws of the Association. In the event that a Trustee becomes incapacitated, resigns, is removed or vacates his or her office, his or her successor shall be immediately designated pursuant to the ByLaws of the Association.”
The newly enacted amendments to the Declaration of Trust here in issue provide:
“3.1 The operation and administration of the Fund shall be the joint responsibility of five (5) Trustees who shall be appointed by the Chair of the Welfare Fund whose selection shall be ratified by a majority of the Trustees of the Welfare Fund.
“3.4 Successor Trustees shall be appointed by the *485 Chair of the Welfare Fund whose selection shall be ratified by a majority of the Trustees of this Fund.
“3.7 Any Trustee may be removed from office with or without cause by the unanimous vote of the other four (4) Trustees of the Fund. In the event that a Trustee becomes incapacitated, resigns, is removed or vacates his or her office, his or her successor shall be immediately designated pursuant to this Trust Agreement.”
Initially, this court disagrees with defendants to the extent that they argue plaintiffs “have pled no explicit breach of the fiduciary duty owed to the beneficiaries,” and that they “have limited their cause of action to a claim that ‘the very act of divorcing direct oversight of COBA’s Welfare Trust Fund from COBA elected officials violates the principal duty of care the trustees owe to trust beneficiaries.’ ” The court finds that allegations of a breach of fiduciary duty are sufficiently pleaded in paragraphs 12 through 14.[4]
Pursuant to Insurance Law § 4402 (a), the fund constitutes an employee welfare fund and defendants are fiduciary trustees of that fund for all assets received, managed or disbursed by them, or under their authority (see Insurance Law § 4412 [a]), and having the general power of administration there over. (See Insurance Law § 4402 [c].) While defendants correctly note that there is no reported New York State decision finding either a statutory or common-law fiduciary duty for the trustees prohibiting the alleged act of self-perpetuation, and that the sole statutory duty imposed is only financial in nature, this court does not agree that no viable cause of action for breach of fiduciary duties can be stated against trustees who attempt to entrench themselves in power and thereby effectively exclude oversight of their actions. New York law requires trustees to owe beneficiaries “a duty of loyalty and are required ‘to administer the trust solely in the interests of the beneficiaries.’ ” (Aspro Mech. Contr. v Fleet Bank, 1 NY3d 324, 330 [2004] [citation omitted].) Thus, where trustees, as here, have implemented amendments which essentially insulate the trustees from responsibility for failing to carry out their fiduciary duties and place them beyond the oversight of the bargaining unit, this court agrees with at least one lower federal court decision which had granted a preliminary injunction in favor of the *486 union and against the trustees upon an analysis analogizing the same facts to a line of ERISA cases, and having found that upon the mere enactment of such amendment the trustees may be held liable for violating their fiduciary duty to the trust. (See Rosenthal v Roberts, US Dist Ct, SD NY, Aug. 13, 2004, Cote, J.) Accordingly, the motion to dismiss for failure to state a cause of action is denied.

. The Trust is an employee welfare fund within the meaning of article 44 of the Insurance Law, funded by the County of Westchester, and it provides dental and optical benefits, plus short-term disability and life insurance to the covered employees, retirees and their dependents.

. Defendants are all employed as correction officers by the County of Westchester Department of Correction and are also participants in the Trust.

. The court observes that, to the extent that plaintiffs are not seeking a permanent injunction restraining the present trustees of the fund, but only a temporary injunction restraining said trustees “from taking any action on behalf of the Trust, above and beyond normal distribution of benefits, pending resolution of this litigation,” same is not properly asserted as a cause of action; instead such relief properly should have been sought as temporary restraining order relief within the context of an order to show cause.

. The court observes that there mistakenly are two separate paragraphs 12 numbered in the complaint.