OPINION OF THE COURT
Joseph A. Santorelli, J.
In this Mental Hygiene Law article 10 proceeding, the respondent moves for an order pursuant to CPLR 3211 (a) (2) and (7) dismissing the petition. Petitioner opposes that application in all respects.
Respondent claims that the action must be dismissed because the petitioner: (1) lacks subject matter jurisdiction over the respondent; (2) failed to state a cause of action; and (3) violated the Due Process Clauses of the New York State and United States Constitutions. Specifically, respondent alleges that Mental Hygiene Law § 10.05 (e) does not allow for more than one psychiatric evaluation to be requested by the New York State Office of Mental Health (hereinafter OMH) case review team.
On June 7, 2008, the respondent was arrested and charged with aggravated sexual abuse in the first degree, criminal sexual act in the first degree by forcible compulsion, unlawful imprisonment, and assault in the third degree. On March 5, 2009, he entered a plea of guilty to criminal sexual act in the first degree and was given a determinate sentence of seven years’ incarceration, to be followed by five years of postrelease supervision. His conditional release date was June 3, 2014. On April 16, 2014, respondent was given notice pursuant to Mental Hygiene Law § 10.05 that he had been referred for evaluation to the case review team. On April 29, 2014, he was interviewed via video conference by Frances Charder, Psy.D., a psychiatric examiner with OMH. On May 28, 2014, respondent was interviewed at Fishkill Correctional Facility by Dr. Robert Field, another psychiatric examiner with OMH. On May 29, 2014, Dr. Field certified his report and concluded that respondent suffers from a mental abnormality as defined by Mental Hygiene Law article 10. On May 30, 2014, a petition was filed against David Baker *826 alleging that he is a detained sex offender currently in the custody of the New York State Department of Corrections and Community Supervision, and that he suffers from a mental abnormality in that he has a congenital or acquired condition, disease or disorder that affects his emotional, cognitive or volitional capacity in a manner that predisposes him to the commission of conduct constituting a sex offense and that results in him having serious difficulty in controlling his conduct and therefore he requires civil management under Mental Hygiene Law article 10. Respondent is currently detained in Dutchess County based upon the conviction in Suffolk County of criminal sexual act in the first degree.
In Matter of State of New York v Rashid (16 NY3d 1, 7 [2010]), the Court noted that
“[t]he case review team considers a variety of records, may arrange for a psychiatric examination, and ultimately determines whether the respondent is a ‘sex offender requiring civil management’—i.e., is both ‘detained’ within the meaning of section 10.03 (g) and suffers from a ‘mental abnormality’ as defined by section 10.03 (i) (see Mental Hygiene Law § 10.03 [q]). If the case review team determines that the respondent is not a sex offender requiring civil management, it notifies the respondent and the Attorney General, who then ‘shall not file a sex offender civil management petition’ (Mental Hygiene Law § 10.05 [f]). If, however, the case review team reaches the contrary conclusion, written notice is given to the respondent and the Attorney General, ‘accompanied by a written report from a psychiatric examiner that includes a finding as to whether the respondent has a mental abnormality’ (Mental Hygiene Law § 10.05 [g])” (emphasis added).
When an offender who may be a candidate for civil management nears release from prison, parole or postrelease supervision, notice of that fact is given to OMH (see Mental Hygiene Law § 10.05 [b]). OMH does a preliminary evaluation of whether the respondent should be referred to a “case review team” for further review (see Mental Hygiene Law § 10.05 [d]). The case review team is a group of at least 15 persons designated by OMH, any three of which may review individual cases (see Mental Hygiene Law § 10.05 [a]). The case review team “may arrange for a psychiatric examination of the respondent” (see *827 Mental Hygiene Law § 10.05 [e]). The court in Matter of State of New York v L.T. (24 Misc 3d 1225[A], 2009 NY Slip Op 51615[U], *5-6 [Sup Ct, NY County 2009]) explained that
“[t]he statute uses the defined term ‘psychiatric examiners’ in discussing the various evidentiary rules applicable to psychiatric expert witnesses who testify at trial. See e.g. Mental Hygiene Law § 10.08 (g). The term is defined as ‘a qualified psychiatrist or licensed psychologist who has been designated to examine a person pursuant to this article; such designee may, but need not, be an employee of the office of mental health or the office of mental retardation and developmental disabilities’. Mental Hygiene Law § 10.03 (j). Psychiatrists and psychologists who are appointed by the court upon the request of petitioners and respondents are classified as ‘psychiatric examiners’. See Mental Hygiene Law §§ 10.06 (d) & (e), discussed supra. But the statute also provides that the Case Review Team may arrange for a ‘psychiatric examination’ of the Respondent (the disputed examination here). See Mental Hygiene Law § 10.05 (e) discussed supra. Under the literal terms of the statute, a psychiatrist or psychologist who conducts a Case Review Team examination is a psychiatric examiner regardless of whether they are later designated as such by one of the parties.”
The court rejects the respondent’s argument that the petition should be dismissed for lack of subject matter jurisdiction because the petition is predicated upon a second psychiatric examination that is not permissible under Mental Hygiene Law article 10. Similarly, the court disagrees with respondent’s argument that “under a strict construction of Article 10, if the initial psychiatric examiner concludes that the respondent does not suffer from a mental abnormality, then the State is barred, as a matter of law, from filing a civil management petition.” There is nothing within Mental Hygiene Law article 10 that states that the State is barred, as a matter of law, from filing a civil management petition if a psychiatric examiner concludes that the respondent does not suffer from a mental abnormality, and the respondent does not cite any case law to support this contention. Mental Hygiene Law § 10.05 (e) states that the case review team “may arrange for a psychiatric examination of the respondent” (emphasis added). This clearly shows that the case review team is not required to arrange for an examination before it *828 makes a determination as to whether the respondent is a “sex offender requiring civil management.” It is only when the case review team gives written notice, “accompanied by a written report from a psychiatric examiner that includes a finding as to whether the respondent has a mental abnormality,” to the respondent and the Attorney General, to then file a sex offender civil management petition, that an examination report is needed pursuant to Mental Hygiene Law § 10.05 (g). This court disagrees with respondent that the petition should be dismissed for lack of subject matter jurisdiction. Accordingly, the application for dismissal is denied.
To succeed on a motion to dismiss pursuant to CPLR 3211 for failure to state a cause of action, the court must determine whether, accepting as true the factual averments of the petition and granting petitioners every favorable inference which may be drawn from the pleading, petitioners can succeed upon any reasonable view of the facts stated (Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]; see also Fowler, Rodriguez, Kingsmill, Flint, Gray & Chalos v Island Props., 307 AD2d 953 [2d Dept 2003]; Bartlett v Konner, 228 AD2d 532 [2d Dept 1996]). If the pleading states a cause of action and if, from its four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, a motion for dismissal will fail (see Wayne S. v County of Nassau, Dept. of Social Servs., 83 AD2d 628 [2d Dept 1981]). The documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the petitioner’s claim (see Estate of Menon v Menon, 303 AD2d 622 [2d Dept 2003], citing Leon v Martinez, 84 NY2d 83, 88 [1994], and Roth v Goldman, 254 AD2d 405, 406 [1998]).
In the context of a CPLR 3211 motion to dismiss, the court must take the factual allegations of the petition as true, consider the affidavits submitted on the motion only for the limited purpose of determining whether the petitioner has stated a claim, and in the absence of proof that an alleged material fact is untrue or beyond significant dispute, the court must not dismiss the petition (Wall St. Assoc. v Brodsky, 257 AD2d 526 [1st Dept 1999], citing Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977], and Rovello v Orofino Realty Co., 40 NY2d 633, 634-636 [1976]). In making a determination whether the petition sets forth a cognizable claim, evidentiary material may be *829 considered to remedy defects in the petition (see Dana v Shopping Time Corp., 76 AD3d 992 [2d Dept 2010]; Rovello v Orofino Realty Co., 40 NY2d at 636).
The court concludes that, accepting as true the factual averments of the petition and granting petitioner every favorable inference which may be drawn from the pleading, the petitioner has pleaded a cause of action cognizable at law. Therefore the respondent’s motion to dismiss on that ground is denied.
The respondent’s remaining contentions are similarly denied.