In the Matter of the Estate of ELLIS L. PHILLIPS, Deceased. KATHRYN S. PHILLIPS et al., as Executors of ELLIS L. PHILLIPS, Deceased, Appellants; STATE TAX COMMISSION, Respondent.— In a proceeding to appraise the estate of a decedent under the provisions of article 10-C (§ 249-m *et seq.*) of the Tax Law, the executors of the estate appeal from a decree of the Surrogate's Court, Nassau County, entered January 11, 1963 upon the opinion and decision of the court after a nonjury trial, which affirmed the court's prior *pro forma* order, entered June 25, 1962, fixing the New York State tax on the estate. Decree affirmed, without costs. On September 22, 1949 a stock certificate in a co-operative apartment was issued to the decedent and his wife. Under section 66 of the Real Property Law, which is applicable to personal property (*Matter of Kimberly*, 150 N. Y. 90), a stock certificate issued in this form established a tenancy in common. However, if the parties so intended, a joint tenancy with a right of survivorship may be declared with respect to the certificate and parol evidence is admissible to show such intent (*Belfanc* v. *Belfanc*, 252 App. Div. 453, affd. 278 N. Y. 563; *Matter of Kaupper*, 141 App. Div. 54, affd. 201 N. Y. 534). Here, the decedent's secretary and the decedent's son both testified that the intent of the decedent and his wife, declared prior and subsquent to the issuance of the certificate, was that there should be a joint tenancy with the right of survivorship. The proof also showed that the decedent and his wife had each contributed half of the purchase price of the certificate and that the decedent's son, a lawyer, had never suggested a change in the form of the certificate. A question of fact was thus presented on the issue of intent; and it may not be said that the determination of the Surrogate that the stock certificate created a tenancy in common was against the weight of the evidence. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.