■ In the Matter of the Estate of CATHERINE H. VADNEY, Deceased. PETER J. VADNEY, Appellant; PAUL J. VADNEY et al., Respondents. [598 NYS2d 357] —Mercure, J. Appeal from a decree of the Surrogate's Court of Albany County (Marinelli, S.), entered June 16, 1992, which dismissed petitioner's application to construe a deed.

The facts are largely uncontested. On June 13, 1985, Catherine H. Vadney (hereinafter decedent) executed a deed conveying her property at 17 Bohl Avenue in the City of Albany to herself and her son, petitioner (Peter J. Vadney), without using words of survivorship; the grantees were merely designated as "Catherine Vadney * * * and Peter J. Vadney". On the same day, she executed her last will and testament which, inter alia, distributed the residue of her estate to her four children in equal shares. Decedent died on February 28, 1988 and her June 1985 will was admitted to probate. Letters testamentary were issued to petitioner.

Petitioner thereafter commenced a proceeding under SCPA 1420 to, inter alia, construe the deed to the Bohl Avenue property, claiming that decedent intended to create a joint tenancy with him and that the deed should be reformed accordingly. Respondents' answer denied any need to construe the deed and claimed that a tenancy in common had been created. Following discovery and a trial, Surrogate's Court found that the deed created a tenancy in common rather than a joint tenancy, with decedent's share to be distributed according to the residuary clause of her will. Petitioner appeals.

We reverse and grant the petition. "A disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" (EPTL 6-2.2 [a]). Thus, there is a heavy presumption that the absence of an express declaration that the grantees are joint tenants results in a tenancy in common and not a joint tenancy (see, Overheiser v Lackey, 207 NY 229; Matter of Wachs, 50 Misc 2d 565, 568-569), which may be rebutted (see, Matter of Levinsky, 23 AD2d 25, lv denied 16 NY2d 484; Belfanc v Belfanc, 252 App Div 453, 456, affd 278 NY 563; Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 6-2.2, at 22), but a correspondingly high

order of evidence is required to overcome the presumption *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 574; *Slutzky v Gallati,* 97 AD2d 561, *lv denied* 61 NY2d 602; *Matter of Walker,* 277 App Div 811).

It clearly and convincingly appears from the record here that decedent intended to create a joint tenancy so that the property would pass to petitioner upon her death. Thomas Brown, decedent's attorney and the scrivener of the deed, testified that he drafted, reviewed, read and notarized the deed and that decedent intended to create a joint tenancy so that the property would pass to petitioner upon her death because "[petitioner] was the only one of her children who paid any attention to the property and paid attention to her". Brown further testified that he explained the effect of the deed to decedent and that it was only as a result of his error that words of survivorship were omitted from the instrument. Brown's wife, who witnessed the last will and testament and was present during some of the discussion, also testified that decedent wanted the Bohl Avenue property to go to petitioner. Additionally, petitioner introduced a copy of Brown's notes, originally written on the back of an envelope, as evidence of decedent's intentions. Conversely, respondents offered no direct testimony that decedent directed Brown to create a tenancy in common or stated that, at the time of execution of the deed, she wanted all the children to share in the property on an equal basis. Brown's admission of error was credited as truthful by Surrogate's Court and, in our view, together with the other evidence in the record, provides the necessary proof required to overcome the statutory presumption. Accordingly, the petition should have been granted.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the decree is reversed, on the law and the facts, with costs, and petition granted.