OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 On June 13, 1985, decedent Catherine H. Vadney executed a deed conveying her real property located at 17 Bohl Avenue in Albany, New York, to herself and her son, petitioner Peter J. Vadney. The deed did not describe the type of tenancy created or contain any survivorship language. Acting as the executor of decedent’s estate, petitioner excluded the Bohl Avenue property from the list of estate assets when decedent’s will was admitted to probate in December 1988. In so doing, petitioner proceeded on the assumption that the deed created a joint tenancy with a right of survivorship and that the parcel passed solely to him upon decedent’s death. Decedent’s three other children, respondents herein, contended that the deed created a tenancy in common under EPTL 6-2.2 (a), which provides that "[a] disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy.” Under respondents’ construction, decedent’s proportionate interest in the subject property would pass upon her death to all of her surviving children through the residual clause of decedent’s will.
 

 Petitioner commenced this action to reform the deed, contending that the absence of survivorship language in the instrument of conveyance was contrary to the grantor’s intent and due solely to a scrivener’s error. Surrogate’s Court denied the petition after ruling that extrinsic evidence of the grant- or’s intent would not be received to vary the terms of the deed. The Appellate Division reversed and granted the petition. We now affirm.
 

 Petitioner has met his burden of proving by clear and convincing evidence that decedent intended to create a joint tenancy rather than a tenancy in common, and that language manifesting such an intent was mistakenly omitted from the instrument of conveyance by the scrivener
 
 (see, Backer Mgt.
 
 
 *887
 

 Corp. v Acme Quilting Co.,
 
 46 NY2d 211, 219;
 
 Amend v Hurley,
 
 293 NY 587, 595;
 
 Born v Schrenkeisen,
 
 110 NY 55, 59). Petitioner’s uncontroverted evidence consisted of testimony of the attorney who drafted the deed indicating that he had received oral instructions from decedent to prepare a deed conveying the subject property to herself and petitioner as joint tenants, that he neglected to include survivorship language in the deed through his own oversight, and that neither he nor the grantor noticed the omission at the time of the execution of the instrument. The drafting attorney also produced a copy of his notes taken during a preliminary meeting with decedent which indicate that decedent desired the co-ownership interest created by the deed to include the "right of survivorship.” The attorney’s wife, who was present during the execution of the deed and who witnessed decedent’s contemporaneously executed will, testified that decedent stated at that time that she wanted petitioner to have the house. Indeed, unless decedent intended to remove that property from the estate assets that were to pass by the contemporaneously executed will, the execution of a deed conveying the property to herself and petitioner would have been unnecessary. Accordingly, petitioner has met his high burden of proving that the instrument as written did not accurately reflect decedent’s intent to include a right of survivorship, and the deed should be reformed to include the omitted language.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur; Judge Levine taking no part.
 

 Order affirmed, with costs, in a memorandum.