■ In the Matter of the Estate of ELIZABETH BONANNI, Deceased. LUCILLE B. HIRST, as Executor of ELIZABETH BONANNI, Deceased, Appellant; LOUIS BONANNI et al., Respondents. [673 NYS2d 269] —Peters, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered April 2, 1997, which, *inter alia*, granted respondents' motion for summary judgment declaring that decedent's estate has no interest in certain real property.

In September 1983, Elizabeth Bonanni (hereinafter decedent) executed a deed conveying property at 547 Park Avenue in the City of Albany to herself and her son, respondent Louis Bonanni, as joint tenants with right of survivorship. On May 20, 1985, decedent's attorney was instructed to add the name of respondent Edith Bonanni, Louis Bonanni's wife, to the deed. Decedent died on February 25, 1995.

After decedent's death, it was discovered that the 1985 deed to the Park Avenue property did not contain any survivorship language. On February 10, 1996, petitioner, as executor of decedent's estate, filed a petition seeking leave to commence an action for partition of the Park Avenue property pursuant to SCPA 1901, claiming that the property was part of decedent's estate. Respondents moved for summary judgment dismissing the petition and for a declaratory judgment to establish their status as surviving joint tenants and sole owners of the premises. Following a hearing, Surrogate's Court, *inter alia*, found that the estate had no interest in the real property and granted respondents' motion. This appeal by petitioner ensued.

"A disposition of property to two or more persons creates in them a tenancy in common, unless expressly declared to be a joint tenancy" (EPTL 6-2.2 [a]). In order to overcome this heavy presumption, "a correspondingly high order of evidence is required" demonstrating a clear and convincing intent to create a joint tenancy (*Matter of Vadney*, 193 AD2d 994, 994-995, *affd* 83 NY2d 885, 886). In this case, David Bacon, the attorney who drafted the 1985 deed, testified that he received oral instructions to add Edith Bonanni's name to the deed and "do

nothing more". According to Bacon, there were no instructions or discussions about changing the right of survivorship as expressed in the 1983 deed. Bacon testified that through his own oversight he neglected to copy the right of survivorship language from the 1983 deed. Louis Bonanni testified that in changing the deed, he and decedent only intended to add his wife's name and not change anything else. He also testified that he and decedent read the deed only to the extent of insuring that Edith Bonanni's name had been added. In addition, respondents admitted into evidence decedent's will dated May 20, 1985, wherein her entire estate was bequeathed to respondents.

We reject petitioner's contention that it was error for Surrogate's Court to consider decedent's will dated May 20, 1985 and, in any event, petitioner failed to object to its admission at the hearing. In view of the foregoing, we find sufficient evidence to support the finding that in executing the 1985 deed, decedent intended to continue the joint tenancy when adding Edith Bonanni's name and that survivorship language manifesting such intent was mistakenly omitted from the deed through the oversight of Bacon (*see, Matter of Vadney, supra; Matter of Levinsky*, 23 AD2d 25, *lv denied* 16 NY2d 484; *cf., Amend v Hurley*, 293 NY 587).

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.