■ S.S. SARNA, INC., et al., Appellants, v BALI SARNA, Respondent, et al., Defendant. [723 NYS2d 501] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered November 8, 2000, compelling plaintiffs to produce certain corporate books and records relating to the financial condition of S.S. Sarna, Inc., and order, same court and Justice, entered November 14, 2000, which, *inter alia*, denied plaintiffs' motion for summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered November 15, 2000, which, *inter alia*, upon plaintiffs' failure to comply with the court's order to produce, dismissed the complaint, struck plaintiffs' reply to defendants' counterclaims and awarded judgment as to liability in defendants' favor, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, to reinstate plaintiffs' pleadings on condition plaintiffs, within 45 days of service of a copy of this order with notice of entry, comply with the aforesaid order to produce; and the matter remanded for further proceedings.

In this action arising from a dispute between brothers as to the extent of their respective shares of ownership in the family business, it is undisputed that plaintiffs have physically excluded defendants from the business premises. In view of that circumstance and defendants' allegations to the effect that plaintiffs are diverting corporate assets and opportunities while they are kept ignorant of the company's activities, Supreme Court's order requiring plaintiffs to provide defendants with financial and business records dating from one year prior to the commencement of the action was a proper exercise of discretion. However, plaintiffs' failure over a two-month period to produce the records in accordance with the court's order, although willful, did not, under the circumstances of this case, warrant the extreme sanction of unconditionally dismissing the complaint, striking plaintiffs' reply to defendants' counterclaims and awarding judgment in defendants' favor as to liability. Accordingly, we provide for reinstatement of plaintiffs' pleadings if plaintiffs comply, as indicated, with the order to produce corporate records.

Finally, plaintiffs' motion for summary judgment was properly denied. Given the conflicting evidence with respect to

the transfer of disputed stock to plaintiffs, including a denial of the transfer by the father/donor, corporate tax returns showing plaintiff as owning only 50% of the shares, rather than the 57% he claims in this action, and certain stock transfer certificates concededly signed by the father/donor transferring stock to plaintiff, issues of fact exists as to stock ownership precluding an award of summary judgment.

We have considered plaintiffs' remaining claims and find them unavailing. Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.