ules was not simply a matter of missing a deadline:

> [Murphy] did not file a motion seeking to extend the time to file the schedules, and indeed, after the case was dismissed, did not file a motion asking the Court to reinstate the case because it was a horrible mistake that the Debtor did not file schedules within 15 days. From that, the Court infers that the Debtor did not intend to proceed with the case. That is the evidence I have. In fact the only evidence.

The bankruptcy court's conclusion is reinforced by Murphy's pervasive pattern of vexatious litigation tactics, such as his failure to alert the bankruptcy court or Amusement Industries, Inc. of his pending removal petition during the bankruptcy court's hearing on Amusement's motion for relief from the automatic stay of 11 U.S.C. § 362. Although post-filing misconduct cannot itself be sanctioned under Rule 9011, *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1130 (9th Cir.2002), Murphy's pattern of abusive behavior supports the inference that the bankruptcy petition, when filed, was filed with an improper purpose, *see Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1476 (9th Cir.1988) (whether filing is made for improper purpose must be assessed in context of the pattern of litigation).

On the basis of this evidence, the bankruptcy court was within its discretion in concluding that the bankruptcy petition was filed for an improper purpose.

Murphy and Stimson failed, even on the sanctions motion, to submit the financial information necessary for the bankruptcy court to determine whether Stimson's bankruptcy petition "achieve[d] a result consistent with the objectives and purposes of the Code," *Hornwood v. Sylmar Plaza (In re Sylmar Plaza)*, 314 F.3d 1070, 1074 (9th Cir.2002). Murphy there-

fore cannot now quibble with the bankruptcy court's further conclusion that the petition was frivolous.

4. The amount of the sanction award was not excessive. The bankruptcy court thoroughly reviewed Amusement's request for attorneys' fees and costs, and awarded only that amount which it determined was reasonably and actually incurred as a result of Murphy's litigation tactics.

5. For the reasons state, the bankruptcy court's sanction award is AFFIRMED. Amusement's request for additional sanctions on appeal, pursuant to Cir. R. 30–2(d) is DENIED.

**Bernardus A.P. DOBBE; Klazina W. Dobbe, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Holland America Bulb Farms, Inc., Petitioner–Appellant,**

v.

**Commissioner of Internal Revenue, Respondent–Appellee.**

Nos. 01–70631, 01–70653.
Tax Ct. Nos. 17625–97, 17626–97.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2003.

Decided March 19, 2003.

Before O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

### MEMORANDUM*

Bernardus A.P. Dobbe, Klazina W. Dobbe, and Holland America Bulb Farms, Inc., appeal the tax court's judgment, which disallowed certain Holland America deductions and determined that the amounts involved were, in fact, dividends paid to the Dobbes. We affirm.

■ (1) Our review of the record satisfies us that, although there was some conflicting evidence, the tax court did not clearly err when it determined that landscaping done around the Dobbes' house was, in fact, a personal expense rather than an ordinary and necessary business expense of Holland America. *See* 26 U.S.C. § 162(a); *Norgaard v. Commissioner,* 939 F.2d 874, 877 (9th Cir.1991); *Inland Asphalt Co. v. Commissioner,* 756 F.2d 1425, 1428 (9th Cir.1985). Of course, in some circumstances, landscaping can be a business expense. *See Hefti v. Commissioner,* 54 T.C.M. (CCH) 1555, 1565, 1988 WL 2444 (1988), *aff'd,* 894 F.2d 1340 (8th Cir.1989). However, in this case the tax court could properly determine that the landscaping was not on land leased to Holland America, and that its benefit to Holland America was insubstantial, while the primary benefit was to the Dobbes themselves. *See P.R. Farms, Inc. v. Commissioner,* 820 F.2d 1084, 1087 (9th Cir.1987); *Betson v. Commissioner,* 802 F.2d 365, 368–69 (9th Cir.1986). In short, Holland America and the Dobbes failed to meet their burden of showing that the Commissioner's denial of the deductions was incorrect.[1] *See Meridian Wood Prods., Inc. v.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The suggestion that the tax court should have apportioned some part of the landscaping to Holland America is otiose. The wholehog approach of Holland America and the Dobbes left no room for evidence about how

*United States,* 725 F.2d 1183, 1189 (9th Cir.1984).

■ (2) We also reject the assertions of the Dobbes and Holland America that the so-called expenses were not dividends. Whatever the intent was (and we know that it was to take all of the amounts as corporate expenses), the payment of the expenses conferred economic benefits upon the Dobbes and, thus, amounted to the payment of constructive dividends. *See Meridian Wood Prods.,* 725 F.2d at 1191; *Noble v. Commissioner,* 368 F.2d 439, 443 (9th Cir.1966); *Creske v. Commissioner,* 56 T.C.M (CCH) 878, 882, 1988 WL 134298 (1988). Nor is this a situation where the corporation itself had no income,[2] or where the amount was unintentionally taken as an expense rather than as a payment of a debt of Holland America to the Dobbes.[3] Both the Dobbes and Holland America intended that it deduct the amounts as expenses; they cannot now return to the past or transform the amounts into something else. Both Clio and the law[4] dictate otherwise.[5]

AFFIRMED.

---

much could be allocated to Holland America, and the tax court did not have to make up a number for them. *See Milenbach v. Commissioner,* 318 F.3d 924, 934 (9th Cir.2003).

2. *See United States v. D'Agostino,* 145 F.3d 69, 72 (2d Cir.1998).

3. *See Creske,* 56 T.C.M. (CCH) at 882–83.

4. *See Noble,* 368 F.2d at 443–44.

5. Incidentally, the monody about the double taxation that results when a corporation issues a dividend should be addressed to Congress, not us.

