■ ESTATE OF ASHOK MENON, Deceased, Respondent, v CHANDRIKA MENON, Appellant, et al., Defendant. [756 NYS2d 639] —In an action, inter alia, for the partition and division of property, the defendant Chandrika Menon appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated December 14, 2001, which denied her motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against her, and for a declaratory judgment pursuant to CPLR 3017 (b).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Chandrika Menon is the sole owner of the cooperative shares at issue as a surviving joint tenant, and directing the codefendant, 1717 East 18th Street Owners Corp., to

issue a new stock certificate and proprietary lease to Chandrika Menon.

The defendant Chandrika Menon and the decedent purchased a cooperative apartment in 1989 during their marriage. The stock certificate does not indicate the form of ownership of the shares in the cooperative. Six years later, during their divorce proceeding, the parties entered into a separation agreement which recited that they owned the shares in the cooperative apartment as joint tenants with the right of survivorship. The separation agreement was incorporated but not merged into the parties' judgment of divorce. The plaintiff, the decedent's second wife, commenced this action, inter alia, for partition and division of the shares in the cooperative apartment and the contents of the apartment on the theory that it was owned by the decedent and Chandrika Menon as tenants in common.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim (*see Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Roth v Goldman,* 254 AD2d 405, 406 [1998]).

At the time the shares in the cooperative apartment were issued to the decedent and Chandrika Menon, EPTL 6-2.2 (a) provided that a disposition of property to two or more persons created a tenancy in common, unless expressly declared to be a joint tenancy. To overcome this strong presumption, a party must establish by clear and convincing evidence that a joint tenancy was intended to be created rather than a tenancy in common (*see Matter of Vadney,* 83 NY2d 885, 886 [1994]). The parties' separation agreement could not be a clearer declaration of their intent that the shares in the cooperative apartment were owned by them as joint tenants. Indeed, the agreement went so far as to stipulate "[u]nder no circumstances, shall the joint tenancy become a tenancy in common." This conclusively disposes of the plaintiff's claim for partition and division of the shares in the cooperative apartment and overcomes the presumption of a tenancy in common under EPTL 6-2.2 (a) (*see Matter of Vadney, supra* at 887; *Matter of Levinsky,* 23 AD2d 25, 30 [1965]; *cf. Matter of Phillips,* 19 AD2d 743 [1963]).

Chandrika Menon's motion to dismiss the complaint insofar as it requested partition and division of the contents of the cooperative apartment should also have been granted. The separation agreement conclusively disposed of that portion of the plaintiff's claim as a matter of law.

Although a request for declaratory relief is properly interposed in a pleading (see CPLR 3017 [b]), the plaintiff did not object on this ground to that branch of the defendant's preanswer motion which was for a declaratory judgment. Thus, the parties have charted their own procedural course (see Rector, Church Wardens & Vestrymen of St. Bartholomew's Church in City of N.Y. v Committee to Preserve St. Bartholomew's Church, 56 NY2d 71, 76 [1982]; Cullen v Naples, 31 NY2d 818, 820 [1972]; Stevenson v News Syndicate Co., 302 NY 81 [1950]; J & A Vending v J.A.M. Vending, 303 AD2d 370 [2003]). Accordingly, we remit this matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Chandrika Menon is the sole owner of the cooperative shares at issue as a surviving joint tenant, and directing codefendant, 1717 East 18th Street Owners Corp., to issue a new stock certificate and proprietary lease to Chandrika Menon. Florio, J.P., S. Miller, Adams and Crane, JJ., concur.