■ JANE VON RICHTHOFEN, Appellant, v FAMILY M. FOUNDATION LTD. et al., Respondents. NINOTCHKA MANUS, Nonparty

Appellant; RAYMOND KALLEY, Intervenor-Respondent. [844 NYS2d 40]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 19, 2006, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendant Libby Manus for summary judgment dismissing the complaint, and denied the motion by nonparty Ninotchka Manus for an order substituting her as plaintiff in the action, unanimously reversed, on the law, without costs, Libby's motion denied, the complaint reinstated, and Ninotchka's motion to be substituted as party plaintiff granted.

This action seeks a declaratory judgment that plaintiff owned two thirds of a Cayman Islands company known as Family M. Foundation. Family M. was established by Allen Manus, the family patriarch, in or about 1992. At that time, Libby (Allen's third wife), Jane (Allen's daughter from his first marriage) and Allen's niece Ellen Sue Goldberg each held a one-third interest in Family M. Libby claimed that at some point in 2000 or 2001, Jane and Ellen Sue surrendered their shares back to Family M., leaving Libby the sole owner of the company. By irrevocable assignment dated July 8, 2004, Ellen Sue transferred her right, title and interest in the foundation and any and all shares in the corporation to Jane. By assignment dated February 23, 2005, Jane assigned all of her right, title and interest in Family M. to Ninotchka, Allen's second wife, and Ninotchka moved to be substituted as plaintiff in place of Jane.

The evidence offered by Jane in opposition raised an issue of material fact regarding ownership of the relevant shares of stock in the Family M. foundation (*see Ramos v Rojas*, 37 AD3d 291 [2007]). The court, while relying heavily on testimony given and an affidavit submitted by Jane in the related action by Family M. to collect on a loan made to Ninotchka (an action in which ownership of Family M. was not an issue), ignored the July 17, 2004 affidavit Jane had submitted in the instant action in support of her motion for injunctive relief. Jane averred that she had informed her father she did not object to the dissolution of the foundation, but that she never surrendered or transferred her shares of stock to Libby, Family M., or anyone

else, Libby's allegations to the contrary notwithstanding. Jane further explained that to the best of her knowledge, no stock certificates were ever issued in the names of the initial shareholders; rather, the certificates had at all times remained in the names of the nominees, and were held by the nominees or maintained among the corporate records.

At her deposition in the related action, Jane testified she had consented to surrender her shares only in connection with a contemplated dissolution of the company, which did not then occur. There is no evidence with respect to Ellen Sue's actions, other than a statement by Jane in her affidavit that "to her knowledge," Ellen Sue also tendered her shares in connection with a dissolution. Whether the shares were ever actually transferred in 2000 or 2001, and whether Allen gave up on the idea of dissolving the company and took no further action, cannot be determined on this record.

The existence of unresolved factual issues is underscored by the fact that no documents exist reflecting any transfer to Libby, Allen or Family M. The records in evidence do not reflect any such transfer, and Libby cannot fix the date of the alleged transfer with any certainty. The stock register for Family M. and the share certificates reflect no transfer of the shares to Allen, Family M. or Libby. A full reading of Jane's deposition reveals that she could not recall taking any affirmative steps to effect any transfer of her interest, had no knowledge of Ellen Sue's taking any action, and had no knowledge of Allen taking any action to effect a transfer. Taken together with the undisputed fact that Family M. was never dissolved, the dispute over whether any transfer occurred, and if so, whether such transfer was to Libby or Allen, and the absence of any documentary evidence, the evidence submitted raised material issues of fact, precluding summary judgment in Libby's favor.

In light of the above, Ninotchka's motion to be substituted as plaintiff should be granted. Ninotchka is the assignee of Jane's right, title and interest (if any) in the foundation via irrevocable assignment, and is the proper party to litigate these claims. It may well be that Ninotchka has no stake in the foundation because Jane transferred her stake in or about 2000, but those are issues that await trial. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.