*518 Judgment, Supreme Court, New York County (Louis B. York, J), entered March 18, 2009, to the extent appealed from, declaring that plaintiffs alleged defaults were all cured in a timely fashion, and dismissing defendant’s counterclaim for ejectment, unanimously reversed, on the law, with costs, the counterclaim reinstated, the declaration vacated, and the matter remanded for further proceedings.
The parties dispute whether plaintiff tenant’s 2006 assignment of shares to a third-party investor violated the lease by transferring 50% or more of its holdings without defendant landlord’s prior consent. Plaintiff demonstrated its prima facie entitlement to summary judgment; both its investor’s affidavit and the shareholders agreement established that less than a 50% share of ownership in plaintiff had been transferred. The burden then shifted to defendant to offer admissible evidence to establish the existence of material issues of fact requiring a trial (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Defendant met its burden in opposition by submitting plaintiff’s own corporate records, in the form of stock certificates and ledger entries, which created a triable issue of fact as to the percentage of ownership transferred to the third party (see Von Richthofen v Family M. Found. Ltd., 44 AD3d 573 [2007] ; S.S. Sarna, Inc. v Sarna, 282 AD2d 399 [2001]). Defendant’s reliance on such evidence was not rendered speculative by its failure to include an affidavit of someone with personal knowledge of the transaction, since corporate books and records may constitute admissible evidence (CPLR 4518 [a]), and stock certificates are “the written evidence of” the corporation’s shares or their ownership (United States Radiator Corp. v State of New York, 208 NY 144, 149 [1913]; see also Estate of Essig v 5670 58 St. Holding Corp., 50 AD3d 948 [2008] ).
A logical reading of the stock certificates and ledger entries supports defendant’s claim that more than 50% of the shares were transferred to the third party, with the same evidence failing to support plaintiff’s claims as to the amount of shares transferred from the remaining shareholders to the new investor. Plaintiff fails to account for the discrepancy between its version of events and the corporate books and records. At the *519 very least, there is a question of fact as to the amount of shares and percentage of ownership transferred. Concur—Andrias, J.P., Sweeny, Nardelli, Richter and Abdus-Salaam, JJ.