T.C. Memo. 2010-26

UNITED STATES TAX COURT

ESTATE OF OSCAR GOLDBERG, DECEASED,
MITCHELL D. GOLDBERG, EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16822-08.                      Filed February 16, 2010.

Mitchell D. Goldberg, pro se.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency in the
Federal estate tax of the Estate of Oscar Goldberg (the estate)
of $384,432.96.  After a concession by the estate, the issues for
decision are:  (1) Whether Oscar Goldberg (decedent) owned
property with his wife as a tenant by the entirety or a tenant in

common, (2) whether the estate is entitled to a deduction of $4,000 in attorney's fees, and (3) whether decedent made taxable gifts of $16,944 in 1997.

Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the date of decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are incorporated as our findings by this reference. Decedent resided in New York at the time of his death. Mitchell D. Goldberg was appointed coexecutor of decedent's estate, and he resided in New York at the time the petition was filed.

By two quitclaim deeds, both dated September 16, 1968, Rachel Goldberg transferred to her three children, including decedent, her interest in real property located at 37-35 74th Street, Jackson Heights, New York (the 37-35 property), and her interest in real property located at 37-40 74th Street, Jackson Heights, New York (the 37-40 property), as tenants in common.

On November 10, 1977, decedent executed a deed transferring his entire interest in the 37-35 property, then 11.66 percent, to "Oscar Goldberg and Judith Goldberg, as wife". On that same day, decedent executed a deed transferring his entire interest in the

37-40 property, then 12.5 percent, to "Oscar Goldberg & Judith Goldberg, his wife". At the time of those transfers, decedent was married to Judith Goldberg.

From November 10, 1977, until her death in 2001, decedent's wife did not execute or record a deed transferring an interest in either the 37-35 or the 37-40 property. Decedent's wife died testate. Her will did not explicitly mention either of the properties, but split her estate between decedent and a trust. On December 31, 2001, decedent, as executor of his wife's estate, executed a deed conveying all of his wife's interests in the 37-35 and 37-40 properties to the trust. From November 10, 1977, until his death on October 13, 2004, decedent did not execute or record any deed transferring his interest in either the 37-35 or the 37-40 property.

On Schedule E, Jointly Owned Property, attached to Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, filed July 25, 2005, the estate reported $347,876 as the value of a 5.83-percent interest in the 37-35 property, and $390,375 as the value of a 6.25-percent interest in the 37-40 property.

The IRS determined a deficiency of $384,432.96 in the estate's Federal estate tax. The determination was based on: (1) An increase in decedent's ownership of the 37-35 property to 11.66 percent, with a fair market value of $695,752; (2) an

increase in decedent's ownership of the 37-40 property to 12.5 percent, with a fair market value of $780,750; (3) an increase in the value of the gross estate as a result of insurance proceeds of $50,000 on decedent's life; (4) disallowance of a $4,000 deduction labeled as "Attorney fees" claimed on Form 706 Schedule J, Funeral Expenses and Expenses Incurred in Administering Property Subject to Claims; and (5) taxable gifts of $16,944 made in 1997.

## Discussion

The estate concedes that the proceeds from the insurance policy on decedent's life are properly included in decedent's gross estate. We must decide whether the gross estate includes interests in the 37-35 and 37-40 properties greater than those reported on the filed Schedule E. We must also decide whether the estate may deduct attorney's fees and whether decedent made certain taxable gifts in 1997.

### The 37-35 Property and the 37-40 Property

To determine property interests and rights for Federal estate tax purposes, we follow the relevant State's law. See Morgan v. Commissioner, 309 U.S. 78, 80-81 (1940). In this case, both properties are located in New York. Under the New York Estate Powers and Trusts Law (EPTL), "A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a

tenancy in common." N.Y. Est. Powers & Trusts Law sec. 6-2.2(b) (McKinney 2002) (as in effect in 1977). In a tenancy by the entirety, each spouse has total possession of the property, and at one spouse's death the survivor takes the entire property because the survivor remains seized of the whole. In re Estate of Violi, 482 N.E.2d 29, 31 (N.Y. 1985); Kahn v. Kahn, 371 N.E.2d 809, 811 (N.Y. 1977). Therefore, an interest held as a tenant by the entirety is not devisable. Steltz v. Shreck, 28 N.E. 510, 511 (N.Y. 1891).

The parties agree that under ordinary circumstances the deeds transferring the 37-35 and 37-40 properties from decedent to himself and his wife in 1977 would, absent an express declaration, create a tenancy by the entirety under the EPTL. If a tenancy by the entirety existed, decedent's wife's interest was not devisable, and, upon decedent's wife's death, decedent retained the full 11.66- and 12.5-percent interests in the 37-35 and 37-40 properties, respectively.

The estate argues that decedent's wife owned the properties as a tenant in common with decedent, not as a tenant by the entirety, that half of the ownership interests became part of decedent's wife's estate upon her death, and that therefore only half of the above ownership interests are part of decedent's estate. The estate contends that decedent's wife held the properties as a tenant in common either because decedent and his

wife, as parties to the 1977 deeds, intended to hold the properties as tenants in common, or in the alternative, because decedent and his wife converted their ownership of the properties to a tenancy in common sometime before decedent's wife's death.

Respondent argues that the estate cannot support its first argument because the 1977 deeds each clearly create a tenancy by the entirety, and the Court may not consider parol evidence to modify or add to the terms of the deeds. In cases involving the determination under State law regarding the legal rights and interests created by a written instrument, we rely on the State's law regarding the admissibility of parol evidence. Estate of Craft v. Commissioner, 68 T.C. 249, 262-263 (1977), affd. per curiam 608 F.2d 240 (5th Cir. 1979); see Dobbe v. Commissioner, T.C. Memo. 2000-330, affd. 61 Fed. Appx. 348 (9th Cir. 2003). In New York,

> when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms. Evidence outside the four corners of the document as to what was really intended but unstated or misstated is generally inadmissible to add to or vary the writing * * *

W.W.W. Associates, Inc. v. Giancontieri, 566 N.E.2d 639, 642 (N.Y. 1990).

This principle is particularly important in real property transactions. S. Rd. Associates, LLC v. Intl. Bus. Machs. Corp., 826 N.E.2d 806, 809 (N.Y. 2005). Furthermore, "'extrinsic and parol evidence is not admissible to create an ambiguity in a

written agreement which is complete and clear and unambiguous upon its face'". Id. (quoting W.W.W. Associates, Inc. v. Giancontieri, supra at 642). However, if the document is ambiguous, a court may rely on external evidence to resolve the ambiguity. Greenfield v. Philles Records, Inc., 780 N.E.2d 166, 170-171 (N.Y. 2002).

The estate suggests that the 1977 deeds are ambiguous because they do not specify whether the property is transferred to decedent and his wife as tenants in common or as tenants by the entirety. However, the statute expressly establishes how spouses hold property when the type of tenancy is not specified in the deed, and it creates a presumption that can be overridden only by an express declaration. See EPTL sec. 6-2.2(b). Finding ambiguity when the parties omit the type of tenancy would permit a court to look to external evidence and not require an express declaration. The statute would thereby be rendered meaningless. Cf. In re Estate of Vadney, 634 N.E.2d 976, 977 (N.Y. 1994) (holding that there must be clear and convincing evidence of a scrivener's error to change what would be a tenancy in common to a joint tenancy under EPTL section 6-2.2(a) and not addressing whether the absence of survivorship language creates ambiguity in the written instrument); Estate of Menon v. Menon, 756 N.Y.S.2d 639, 641 (App. Div. 2003) (same); In re Estate of Rosenblum, 727 N.Y.S.2d 193, 195 (App. Div. 2001) (same). Under the EPTL, we

must conclude that the 1977 deeds clearly and unambiguously created a tenancy by the entirety between decedent and his wife. Evidence to the contrary outside the four corners of the deeds is parol evidence and is not admissible.

The estate's alternative argument, that decedent and his wife converted their ownership of the properties to a tenancy in common before her death, also fails. In In re Estate of Violi, supra at 31-32, the New York Court of Appeals stated:

> A tenancy by the entirety may, while both spouses are alive, be converted into a tenancy in common by certain definitive acts: a conveyance of the property in which both spouses join; a judicial decree of separation, annulment or divorce; or execution of a written instrument that satisfies the requirements of section 3-309 of the [N.Y.] General Obligations Law, which permits division or partition of real property held in a tenancy by the entirety if clearly expressed in such an instrument. [Fn. ref. and citations omitted.]

New York General Obligations Law section 3-309 provides:

> Husband and wife may convey or transfer real or personal property directly, the one to the other, without the intervention of a third person; and may make partition or division of any real property held by them as tenants in common, joint tenants or tenants by the entireties. * * *

N.Y. Gen. Oblig. Law sec. 3-309 (McKinney 2001).

The estate has not provided evidence of a joint conveyance of the properties while both decedent and his wife were alive, a judicial decree of separation, annulment, or divorce, or the execution of a written instrument that satisfies the requirements of New York General Obligations Law section 3-309. "As a general

matter, title to estates in land should be altered only by clear expressions of intent." In re Estate of Violi, supra at 32.

There is no evidence of a clear expression of intent from decedent and his wife together while they were both alive. There were only two documents introduced by the estate that were written after the 1977 deeds but before decedent's wife's death. The first document is decedent's wife's will. The will does not mention either of the properties explicitly, and there is no evidence that the properties were even discussed by decedent and his wife. The second document is a "Schedule of Partner's Equity" dated December 31, 2000. It is unclear how this document was generated. It seems to be an accounting of the distributions from the 37-35 and 37-40 properties in 2000 listing decedent and his wife as receiving equal distributions. It is reasonable that decedent and his wife, as tenants by the entirety, would split distributions evenly. There is no clear expression of intent to partition the properties evidenced by this document. We therefore conclude that at the time of decedent's wife's death decedent and his wife held both properties as tenants by the entirety, and at the time of decedent's death he owned 11.66 percent of the 37-35 property and 12.5 percent of the 37-40 property.

Attorney's Fees

Generally, the taxpayer bears the burden of proving that the Commissioner's determinations are erroneous. Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933). However, with respect to a factual issue relevant to the liability of a taxpayer for tax, the burden may shift to the Commissioner if the taxpayer has produced credible evidence relating to the issue, met substantiation requirements, maintained records, and cooperated with the Secretary's reasonable requests for documents, witnesses, and meetings. Sec. 7491(a). The estate does not argue that it has met these requirements. Furthermore, the estate has not introduced evidence relating to the attorney's fees or evidence that the attorney's fees were necessarily incurred in the administration of the estate and actually paid. We therefore conclude that the estate may not deduct $4,000 in attorney's fees.

Taxable Gifts

Respondent determined that the estate failed to report taxable gifts of $16,944 in 1997. The estate argues that "in view of the fact that Respondent has not established that Decedent failed to report adjustable taxable gifts in the amount of $16,944.00 for the taxable year 1997 no change is required in the amount of the adjustable taxable gifts reportable on Form 706." On the Form 706, the estate represented that Federal gift

tax returns had been filed. There are no Federal gift tax returns in the record. The estate has failed to satisfy the burden-shifting requirements of section 7491(a) because it has not introduced evidence relating to the 1997 gifts. Rule 122(b) provides: "The fact of submission of a case * * * does not alter the burden of proof, or the requirements otherwise applicable with respect to adducing proof, or the effect of failure of proof." The estate therefore bears the burden of proving that respondent's determination is incorrect. See Rule 142; Welch v. Helvering, supra at 115.

The estate, while reporting that decedent filed Federal gift tax returns, has failed to introduce evidence that taxable gifts of $16,944 were not made in 1997. The estate has failed to satisfy its burden of proof, and we sustain respondent's determination regarding the 1997 taxable gifts.

In reaching our decision, we have considered all arguments made by the parties. To the extent not mentioned or addressed, they are irrelevant or without merit.

For the reasons explained above,

Decision will be entered for respondent.