OPINION OF THE COURT
Richard F. Braun, J.
This is an action originally for partition and an accounting. The amended complaint added a cause of action for a declaratory judgment.* Defendant Miriam Steinmetz, the widow of Sidney Steinmetz, moves for an order granting her summary judgment dismissing the complaint of Pearl Herskovitz, the administratrix of her father Sidney’s estate. By March 21, 2013 stipulation, the parties agreed that the motion would be decided on the original pleadings and that the decision would apply to the amended complaint. No additional arguments were asserted as to the additions in the amended complaint.
Sidney married Miriam, his second wife, some time before 1990. According to Herskovitz, Sidney’s daughter by his first wife, Sidney and Miriam moved into an apartment on Central Park South in 1990. The share certificate for that apartment lists the couple as “JTWROS” (joint tenants with rights of survivorship). Thereafter, as reflected in another share certificate, the couple acquired, as tenants by the entirety, another apartment on Central Park West, into which they moved, without ever selling the Central Park South apartment. On April 29, 1994, the couple acquired the subject cooperative apartment, 10C, at 10 West 66th Street, New York, New York, a unit that they supposedly never occupied.
The stock certificate for the apartment simply recites that Sidney and Miriam were the owners. The closing statement *441 states that the original of the proprietary lease was between defendant 10 West 66th Street Corporation as lessor, and Sidney and Miriam Steinmetz, “as joint tenants as [sic] right of survivorship.” Further, the proprietary lease, which was executed by Sidney and Miriam, contains a cover sheet and a first paragraph which describe the couple as “JTWROS.” That lease provides that the shares were issued simultaneously with the lease and that it was appurtenant to the shares. Counsel for 10 West indicated in a March 8, 2010 letter that Miriam owned the shares as the sole surviving joint tenant, and in an October 19, 2011 letter that Sidney and Miriam owned the shares and appurtenant proprietary lease, “as Joint Tenants with Right of Survivorship.”
On September 9, 2008, Sidney died, leaving a 1987 will in which he bequeathed the residual of his estate to his three daughters by his first marriage. After Sidney’s death, Miriam became the sole owner of the shares of the Central Park South and Central Park West apartments, as conceded by Herskovitz. Sidney’s will was admitted to probate on about August 10, 2010. Meanwhile, after Sidney’s death, Miriam assumed control over the subject apartment, and allegedly refused to provide Herskovitz or her sisters with access to the apartment, or any information concerning occupancy of the apartment or its physical or financial status.
A party moving for summary judgment must demonstrate his, her, or its entitlement thereto as a matter of law, pursuant to CPLR 3212 (b) (Smalls v AJI Indus., Inc., 10 NY3d 733, 735 [2008]; Sumitomo Mitsui Banking Corp. v Credit Suisse, 89 AD3d 561, 563 [1st Dept 2011]; see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). To defeat summary judgment, the party opposing the motion must show that there is a material question(s) of fact that requires a trial (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; CitiFinancial Co. [DE] v McKinney, 27 AD3d 224, 226 [1st Dept 2006]; see Vega v Restani Constr. Corp., 18 NY3d at 503).
The ownership interest of a tenant-shareholder in a cooperative apartment is sui generis. It reflects only an ownership of a proprietary lease, and therefore arguably an interest in a chattel real, conditional however upon his shareholder interest in the cooperative corporation, an interest always treated as personal property. (Matter of State Tax Commn. v Shor, 43 NY2d 151, 154 [1977].) The corporate and proprietary leasehold attributes of the relationship between a cooperative shareholder and *442 the corporation are “[inseparably joined” and cannot “be viewed in isolation from one another.” (Fe Bland v Two Trees Mgt. Co., 66 NY2d 556, 563 [1985]; Matter of State Tax Commn. v Shor, 43 NY2d at 154; Chiang v Chang, 137 AD2d 371, 374 [1st Dept 1988].)
Prior to the amendment of EPTL 6-2.2, effective January 1, 1996, married couples could own shares of stock in a cooperative apartment only as joint tenants or as tenants in common (Beudert-Richard v Richard, 72 AD3d 101, 103 [1st Dept 2010]). Pursuant to the statute, the disposition of such shares created a tenancy in common unless there was an express declaration of a joint tenancy. A joint tenancy is an estate held jointly by at least two persons “who have equal rights to share in its enjoyment during their lives, and where each joint tenant has a right of survivorship” (Trotta v Ollivier, 91 AD3d 8, 12 [2d Dept 2011]). The right of survivorship is automatic inheritance of the shares, outside the laws of intestacy, by a joint tenant on the death of the other joint tenant. (Id.) “[J]oint tenants take and hold property as though they together constitute one person” (Smith v Bank of Am., N.A., 103 AD3d 21, 23 [2d Dept 2012]). In contrast, under a tenancy in common, the decedent’s interest passes “under the rules of inheritance” (Trotta v Ollivier, 91 AD3d at 13). In order to overcome the “strong presumption” of a tenancy in common, a party must demonstrate, by clear and convincing evidence (Matter of Vadney, 83 NY2d 885, 886 [1994]), that a joint tenancy, instead of a tenancy in common, was intended (Estate of Menon v Menon, 303 AD2d 622, 623 [2d Dept 2003]; Matter of Bonanni, 250 AD2d 1022 [3d Dept 1998]).
The meaning of an instrument conveying property is to be ascertained from its language (Matter of Flaherty, 65 AD3d 745, 746 [3d Dept 2009]). If the language of the document of conveyance is ambiguous, extrinsic evidence may be introduced to meet a party’s burden of demonstrating that a joint tenancy was intended (see Matter of Vadney, 83 NY2d at 886-887; Estate of Menon v Menon, 303 AD2d at 623; Matter of Bonanni, 250 AD2d at 1022-1023). The offer of extrinsic evidence does not always require a trial (see e.g. Estate of Menon v Menon, 303 AD2d at 623 [where the Court, on the defendant’s motion, granted dismissal of the second wife’s action for partition of a cooperative apartment owned by the decedent and his first wife, and awarded a declaratory judgment, because, although the stock certificate did not indicate the form of ownership, a subsequent separation agreement clearly indicated that the *443 apartment was owned by the decedent and his first wife as joint tenants with the right of survivorship, and would never become owned by a tenancy in common]).
In the instant case, because the subject apartment was acquired in 1994, EPTL 6-2.2 (a) applies. The stock certificate does not indicate whether the apartment was owned by Sidney and Miriam as joint tenants or as tenants in common. Therefore, the stock certificate itself is ambiguous, and resort to extrinsic evidence is permissible. Similar to the circumstances in Estate of Menon v Menon, here the proprietary lease signed by Sidney and Miriam clearly indicates that Sidney and Miriam held the apartment as joint tenants. That is supported by the closing statement and the letters by counsel for 10 West. As the shares of stock and the leasehold are inseparable, and the proprietary lease provides on its cover sheet and in its opening paragraph that Miriam and Sidney held the property as “JTWROS,” which Herskovitz conceded in paragraph 5 of her affidavit means joint tenants with rights of survivorship, the shares of the cooperative apartment were owned by Miriam and Sidney in that form of ownership. Herskovitz does not set forth any evidence indicating any contrary intention and does not demonstrate that there is any material question requiring a trial in this action as to defendant Miriam.
Therefore, by this court’s separate May 10, 2013 decision and order, the motion was granted to the extent of awarding defendant Miriam Steinmetz summary judgment dismissing the complaint as to her. The remaining claims have been severed and shall continue.

 The amended complaint also added as a third defendant (in addition to defendants Miriam Steinmetz and 10 West 66th Street Corporation, the owner of the subject building) Judy Blau, to whom defendant Miriam Steinmetz transferred all of the cooperative shares for the subject apartment and who is defendant Miriam Steinmetz’s daughter by a previous marriage.