■ MARK C. DENISON, as Executor and Beneficiary of the Estate of ERIKA POZSONYI, Deceased, Appellant, v ANTHONY POZSONYI, Respondent, et al., Defendants. [3 NYS3d 10]—

Amended order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 13, 2013, which, to the extent appealed from as limited by the briefs, granted so much of defendant Anthony Pozsonyi's cross motion for summary judgment as sought a declaration on plaintiff's claims and defendant's first counterclaim, and declared that defendant Pozsonyi is the sole owner of the subject cooperative apartment and that plaintiff has no interest in the apartment, unanimously affirmed, with costs.

Plaintiff, the widower of decedent, seeks a declaration that, pursuant to EPTL 5-1.4 (c), the shares of the cooperative apartment in which he resided with decedent for nearly 20 years were owned by decedent and her former husband, defendant Pozsonyi, as tenants in common, so that decedent's estate is entitled to a 50% interest in the shares. Prior to their divorce, decedent and Pozsonyi entered into a Separation Agreement in which they agreed, among other things, that decedent had the exclusive right to live in the apartment during her lifetime and that Pozsonyi would transfer the shares to be held by them as joint tenants with right of survivorship. The Separation Agreement further provided that the shares could be sold only upon the other party's consent, and that Pozsonyi would be entitled to the net proceeds of any sale during decedent's lifetime. The shares were issued to both of them with right of survivorship, and the Separation Agreement survived and was not merged into the subsequent judgment of divorce.

The court properly determined that, given the express terms of the Separation Agreement, EPTL 5-1.4 (c), as amended in 2008, did not operate to convert the ownership of the subject cooperative apartment shares from joint tenancy with rights of survivorship to a tenancy in common. The record evidence failed to raise an issue of fact as to whether the right of survivorship in the ownership of the property was terminated (cf. *Estate of Menon v Menon*, 303 AD2d 622, 622-623 [2d Dept 2003]).

Plaintiff belatedly makes an application for relief with respect to an order to show cause dated February 3, 2013, and we decline to consider it. Concur—Mazzarelli, J.P., Acosta, Saxe, Clark and Kapnick, JJ.