Brunwasser v Blanker (2025 NY Slip Op 02266)

Brunwasser v Blanker

2025 NY Slip Op 02266

Decided on April 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 17, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Kapnick, Scarpulla, Higgitt, JJ. 

Index No. 160898/21|Appeal No. 4141|Case No. 2024-02302|

[*1]Harold J. Brunwasser, Plaintiff-Respondent,
v
Sheina Blanker, as Administrator of the Estate of Rhonda Scharf, Defendant-Appellant, Murray Hill Mews Owners Corp. et al., Defendants.

Bronstein, Gewirtz & Grossman, LLC, (Edward N. Gewirtz of counsel), for appellant.
Law Office of Matthew T. Worner, White Plains (Matthew T. Worner of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 3, 2024, which, insofar appealed from as limited by the briefs, denied the motion of defendant/counterclaim plaintiff Sheina Blanker as Administrator of the Estate of Rhonda Scharf for partial summary judgment on her first counterclaim and granted the motion of plaintiff/counterclaim defendant (Brunwasser) for partial summary judgment on his second and third causes of action and dismissing the first and second counterclaims, unanimously affirmed, without costs.
The court properly denied Blanker's motion. EPTL 6-2.2(a) states, "[a] disposition of property to two or more persons [who are neither married nor described as husband and wife, spouses, etc.] creates in them a tenancy in common, unless expressly declared to be a joint tenancy," (Matter of Vadney (83 NY2d 885, 886 [1994]). The presumption of a tenancy in common, however, can be overcome "by clear and convincing evidence that decedent intended to create a joint tenancy rather than a tenancy in common, and that language manifesting such an intent was mistakenly omitted from the instrument of conveyance by the scrivener" (id. at 886). Brunwasser submitted evidence in support of his position that he and decedent Rhonda Scharf intended to create a joint tenancy and that the language manifesting such an intent was mistakenly omitted.
The motion court correctly granted Brunwasser's motion. The evidence (e.g., the joint bank accounts, the beneficiary designations, and the deed to the New Jersey condominium unit) unmistakably aligns with Scharf's asserted intent for Brunwasser to inherit the subject property. Blanker's evidence in opposition, "viewed in the light most favorable to the non-moving party" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012][internal quotation marks omitted]), is conclusory and uncorroborated, and is insufficient to rebut Brunwasser's prima facie case.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 17, 2025