| Matter of Donnelly |
|:---:|
| 2026 NY Slip Op 30616(U) |
| February 20, 2026 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2016-4105/E |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

ENTERED

FEB 2 0 2026

DATA ENTRY DEPT
New York County Surrogate's Court

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------x
In the Matter of the Petition of Belinda Neumann
Donnelly, as Executor of the Estate of

      DOLORES ORMANDY NEUMANN,

                      Deceased,

For a Declaration as to the Ownership of Certain Shares
Issued by 80 CPW Apartment Corp. and for the Partition
and Sale of Shares Issued by 80 CPW Apartment Corp.
------------------------------------------------------------------------x

DECISION and ORDER

File No.: 2016-4105/E

M E L L A, S.:

| Papers Considered | Numbered |
|---|---|
| Respondent Hubert Neumann's Amended Notice of Motion for Summary Judgment, With Affidavit of Errol Brett, Esq., Affidavit of TJ Russo, Affirmation of John R. Morken, Esq., Attaching Exhibits, and Affirmation of Jay B. Itkowitz, Esq., Attaching Exhibits | 1-5 |
| Respondent's Memorandum of Law in Support of Motion | 6 |
| Affidavit of Respondent Hubert Neumann in Support of Motion | 7 |
| Affirmation of Jonathan B. Gordon, Esq., in Opposition, Attaching Exhibits | 8 |
| Petitioner's Memorandum of Law in Opposition | 9 |
| Respondent's Supplemental Memorandum of Law in Support | 10 |
| Affirmation of Jay B. Itkowitz, Esq., in Support (Supplement allowed by Stipulation of Parties), Attaching Exhibit (Errol Brett, Esq., Deposition Transcript) | 11 |
| Supplemental Memorandum of Law in Opposition | 12 |
| Supplemental Affirmation in Opposition of Jonathan P. Gordon, Esq., Attaching Exhibits | 13 |
| Supplemental Affirmation of Jay B. Itkowitz, Esq., in Further Support of Motion, Attaching Exhibits | 14 |
| Supplemental Memorandum of Law in Further Support of Motion | 15 |

At the call of the calendar on January 21, 2025, the court denied the motion of

Respondent Hubert Neumann (Hubert) for summary determination that he is the sole owner by

right of survivorship of certain co-operative shares of the 80 CPW Apartment Corporation (80

CPW) (*see* CPLR 3212[b]).  These shares, appurtenant to apartments 5B and 5C, were purchased

in July 1979 by Hubert and his then spouse, decedent Dolores Ormandy Neumann (Dolores or

Decedent), when the 80 Central Park West building converted to a cooperative corporation.

Their daughter, Belinda Neumann Donnelly (Belinda or Petitioner), who serves as Executor of Dolores's estate, brought this petition which seeks a declaration that the shares were held as tenants in common and that Dolores's estate thus holds a 50% interest in them and an order directing their partition by sale (*see generally Chiang v Chang*, 137 AD2d 371 [1st Dept 1988]).

Under the version of EPTL 6-2.2 in effect until 1996, when a married couple took title to the shares of stock allocated to a cooperative apartment, the law presumed that they did so as tenants in common (*Matter of Schulz*, NYLJ, Oct. 19, 1992, at 22, col 3; 1992 NYLJ Lexis 3255 [Sur Ct, NY County]). That presumption could be overcome, however, by clear and convincing evidence that the couple intended to own the shares as joint tenants with rights of survivorship (*id.*; *see also Matter of Vadney*, 83 NY2d 885 [1994]). Here, the court determined that Hubert, through admissible proof, specifically through copies of the proprietary lease and certificate of stock pertaining to apartment 5B at 80 CPW with joint ownership and survivorship language handwritten on them, established, prima facie, that he and Decedent may have purchased the shares of stock allocated to that apartment as joint tenants (*see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010] [movant makes prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of material issues of fact requiring trial (citations and quotations omitted)]; *see also* CPLR 4539; *Estate of Essig v 5670 58 St. Holding Corp.*, 50 AD3d 948, 949 [2d Dept 2008]; *cf. 830 Eighth Ave. LLC v Global at 8th LLC*, 198 AD3d 404 [1st Dept 2021]; *Glatter v Borten*, 233 AD2d 166 [1st Dept 1996]).

With respect to Apartment 5C, the court concluded that, even though its proprietary lease and stock certificate did not include joint tenancy or survivorship language, through the Subscription Agreement executed by Decedent and Hubert in December of 1978 with respect to

apartment 5B, he established that the two intended to purchase the adjacent apartments 5B and 5C, in order to combine them "into one apartment." No one disputes that thereafter the apartments were joined by a doorway and used for several years as the marital residence, until Hubert moved out in the late 1980s.

Based on this evidence and, in addition, on the sworn testimony (both in his affidavit and during his deposition) of Errol Brett, Esq. (Brett), the lawyer who represented Decedent and Hubert at the closing of the sale of shares for apartments 5B and 5C, the court concluded that Hubert made out a prima facie case that he and Decedent may have owned the shares attributable to the two apartment units as joint tenants with right of survivorship (*see Bogoni v Gomez*, 2012 WL 12950643 [Sup Ct, NY County 2012, No. 113493/2010]; *Jacob v Grant*, 2012 WL 9515441 [Sup Ct, Nassau County, Mar 12, 2012]; *cf. Chen v 342 West 48 Street Housing Dev. Fund Corp.*, 2008 NY Slip Op 32126[U] [Sup Ct, NY County 2008]).

In opposition to the motion, however, Petitioner provided evidence that raised triable issues of material fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980] [in opposition to prima facie case for summary judgment, opposing party must through admissible evidence demonstrate factual issues requiring a trial]). Petitioner's evidence, among other things, showed that Brett had limited recollection of the events regarding the purchase of the apartments, and that Brett may have handwritten the survivorship language days after Decedent and Hubert executed the proprietary lease and out of their presence. The sum of Petitioner's evidence was sufficient to raise questions of fact as to the issue of whether the shares for apartments 5B and 5C were to be jointly owned with right of survivorship (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Vega v Restani Constr. Corp.*, 18 NY3d 499, 503

–3–

[* 3]

[2012] [court must draw all reasonable inferences in favor of non-moving party]; *Glick & Dolleck, Inc. v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968] [summary judgment should not be granted where there is any doubt as to existence of material and triable issues of fact or where issue is arguable]; *Santos v Temco Serv. Indus.*, 295 AD2d 218, 218-19 [1st Dept 2002] [where there is doubt as to material facts or where different conclusions can reasonably be drawn from evidence, summary judgment properly denied]). The court thus denied Hubert's summary judgment motion (*see Hamiltonian Corp. v Trinity Centre LLC*, 66 AD3d 517 [1st Dept 2009]; *see also Von Richthofen v Family M. Found. Ltd.*, 44 AD3d 573 [1st Dept 2007]; *S.S. Sarna, Inc. v Sarna*, 282 AD2d 399 [1st Dept 2001]).

This decision, together with the transcript of the January 21, 2025 proceedings,[1] constitutes the order of the court.

Dated: February 20, 2026

_____

SURROGATE

---

1 The court notes that, during a substantial portion of 2025, the parties were engaged in settlement negotiations.

[* 4]